**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**          **CRIMINAL ACTION**

  v.

                              Case No. 11-cr-20132-01-KHV-DJW

**MARY AMADOR,**

        **Defendant.**

## MEMORANDUM AND ORDER

On December 21, 2011, a grand jury charged Defendant Mary Amador, as well as ten other defendants, with theft of U.S. Department of Housing and Urban Development Section 8 Program housing rent subsidies, aggravated identity theft, and false statements on an application for rent subsidies.[1] This matter is before the Court on the United States' oral motion for pretrial detention of Defendant Mary Amador (ECF No. 7) made on February 14, 2012. The Court held a hearing on the motion on February 21, 2012. The Court has considered the motion and the statements of counsel during the hearing, and, for the reasons set forth below, finds that the Motion should be denied and Defendant Mary Amador should be released subject to certain conditions to be determined at a future hearing.

**I.**     **Standards for Detention**

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

---

[1] *See* Indictment (ECF No. 1), Counts 1-40.

the community."² In making this determination, the Court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. ³

The government has the burden to prove the risk of flight by a preponderance of the evidence.⁴ The government must prove a danger to other persons or the community by clear and convincing evidence.⁵ The court must resolve all doubts regarding the propriety of release in the defendant's favor.⁶

## II. Application of the Factors

---

²18 U.S.C. § 3142(e).

³18 U.S.C. § 3142(g).

⁴*See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

⁵*See id.* (citing 18 U.S.C. § 3142(f)).

⁶*U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

### A. Nature and Circumstances of the Offense

Defendant is charged with thirty counts of theft of public money under 18 U.S.C. § 641, one count of aggravated identify theft under 18 U.S.C. § 1028, and nine counts of making false statements on rent subsidy applications under 18 U.S.C. § 1001. If convicted of theft of public money, Defendant could face maximum penalties of imprisonment of not more than 10 years. If convicted of aggravated identity theft, Defendant could face not less than 2 years imprisonment for each count consecutive to the other counts. If convicted of making a false statement, Defendant could face imprisonment of not more than 5 years.

The government estimates that loss from Defendant's theft of public monies totals $519,165. The government further estimates that, if convicted, Defendant may receive a sentence range of 57 to 65 months. While the nature of the alleged offenses is theft by fraud and did not involve the use of violence, force, or weapons, Defendant is charged with forty counts in the Indictment, which could amount to significant jail time. The government also argues that Defendant has demonstrated an ability to procedure fraudulent identity documentation and the Court should consider this in making its determination. The Court agrees that Defendant's prior procurement of fraudulent identity documentation, in addition to the nature of the offense may reflect a dishonest or deceitful character. This, however, is not determinative of whether Defendant is a flight risk. On balance, the Court considers this factor to weigh against pretrial release.

### B. Weight of the Evidence

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully made materially false statements and representations on an application for rent subsidy benefits and used another person's social security number, and thereby unlawfully stole rent subsidy

3

payments to which she was not qualified to receive, the evidence is not so overwhelming that it must weigh in favor of detention. The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that Defendant has committed them. This factor is neutral.

### C. History and Characteristics of Defendant

Defendant is a 26 year old female and is a U.S. citizen. She is married with three children (ages 3 to 9), all who are U.S. citizens. Her husband and her two older children live in Mexico. Her husband is in Mexico trying to legally adjust his status so that he can return the U.S. In addition to her mother, Defendant has three siblings living in Kansas City, Missouri. Defendant has over 30 cousins that live in the area and her only relatives in Mexico are her husband, who is seeking to return to the U.S., and a sister who is living in Mexico after she was deported.

Defendant and her youngest child, age 3, currently live with her mother when she's in the United States and stays with her husband at her husband's residence when she's in Mexico. Defendant has a U.S. passport, which is at her mother's house. She travels back and forth to Mexico during the year, staying there anywhere from two weeks to two months. She recently returned to the U.S. from Mexico on February 8, 2012, after a two month visit. Defendant has lived at her current address since February 2010. She has worked in the past, but is currently unemployed and receiving unemployment compensation.

During the course of the investigation in this case, Defendant has contacted the federal agents and has not hidden from agents. The government admitted at the detention hearing that this was a "close case" on whether Defendant should be detained.

On sum, the Court finds that this factor weighs in favor of pretrial release.

### D. Danger to the Community

Defendant has a very limited criminal history. The pretrial services report shows that she was arrested in September 2006 by the Kansas City police department for disorderly conduct. The Court does not find that Defendant's one arrest for disorderly conduct six years ago demonstrates that she poses any danger to the community or other persons. The United States has not otherwise shown that Defendant poses any risk of danger to the community or other persons. Thus, the Court finds that this factor weighs in favor of pretrial release.

### III. Conclusion

Having considered all relevant pleadings and the statements of counsel during the February 21, 2012 hearing, the Court finds that Defendant should be released. As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."[7] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the government has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention of Defendant Mary Amador (ECF No. 7) is denied. Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **February 29, 2012 at 9:00 a.m.**

---

[7] 18 U.S.C. § 3142(e).

**IT IS FURTHER ORDERED** that Pretrial Services shall provide proposed conditions for release no later than **February 27, 2012.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of February 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge