# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,       **CRIMINAL ACTION**

 v.

               **Case No. 11-cr-20132-09-KHV-DJW**

CANDELARIA MORALES,

     Defendant.

## MEMORANDUM AND ORDER

On December 21, 2011, a grand jury charged Defendant Candelaria Morales, as well as ten other defendants, with theft of U.S. Department of Housing and Urban Development Section 8 Program housing rent subsidies, and making a false statement on an application for rent subsidies.[1] This matter is before the Court on the United States' oral motion for pretrial detention of Defendant Morales (ECF No. 38) made on February 14, 2012. The Court held a hearing on the motion on February 21, 2012. The Court has considered the motion and the statements of counsel during the hearing, and, for the reasons set forth below, finds that the Motion should be denied and Defendant should be released subject to certain conditions to be determined at a future hearing.

## I.   Standards for Detention

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

---

[1]*See* Indictment (ECF No. 1), Counts 9-11, and 12.

the community."[2]  In making this determination, the Court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [3]

The government has the burden to prove the risk of flight by a preponderance of the evidence.[4]  The government must prove a danger to other persons or the community by clear and convincing evidence.[5]  The court must resolve all doubts regarding the propriety of release in the defendant's favor.[6]

---

[2]18 U.S.C. § 3142(e).

[3]18 U.S.C. § 3142(g).

[4]*See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

[5]*See id.* (citing 18 U.S.C. § 3142(f)).

[6]*U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

## II.     Application of the Factors

### A.     Nature and Circumstances of the Offense

Defendant is charged with three counts of theft of public money under 18 U.S.C. § 641, and one count of making a false statement on a rent subsidy application under 18 U.S.C. § 1001. If convicted of theft of public money, Defendant could face maximum penalties of imprisonment not more than 10 years on each count. If convicted of making a false statement, Defendant could face imprisonment of not more than 5 years. The government estimates the loss from Defendant's alleged theft of public money totals $17,130. At the detention hearing, the government estimates that, if convicted, Defendant would face a sentence range of 10 to 16 months.

The nature of the alleged offenses is theft by fraud and did not involve the use of violence or weapons. Based upon the amount of monies involved, the probable penalty to be imposed is not so great that Defendant would be expected to flee. Although the nature of the offense may reflect a dishonest or deceitful character, as well as an ability to procedure fraudulent identity documentation, the Court does not find these to be determinative in themselves as showing Defendant to be a flight risk. The Court considers this factor to weigh in favor of pretrial release.

### B.     Weight of the Evidence

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully made materially false statements and representations on an application for rent subsidy benefits, and thereby unlawfully stole rent subsidy payments to which she was not qualified to receive, the evidence is not so overwhelming that it must weigh in favor of detention. The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that Defendant has committed them. This factor is neutral.

## C. History and Characteristics of Defendant

Defendant is a 29-year old female citizen of Mexico. She moved to the United States 14 years ago and has not returned there. Defendant has three children (ages 4 to 11), all three of which are U.S. citizens. She lives with her three children and her boyfriend of the past three years. She has resided at that address since July 2011. The father of her oldest child resides in Mexico; the father of her other two children resides in Kansas City. Her mother and three siblings all reside in Kansas City. Her brother is a U.S. citizen. Defendant's father is an alien resident who lives in Texas. She has significant other family in the area.

At the detention hearing, counsel for Defendant advised the Court that Defendant has started the process of seeking legal status in the United States. Defendant presented the V-130 visa packet prepared by Defendant's father which includes the petition for alien relative he filed in March 2001. The packet includes a documentation from immigration showing that the petition was approved with a notice date of March 27, 2006.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due her illegal status. There is a prior order for removal for Defendant that appears to be based on an attempted illegal entry into the United States and imposter fraud when she was 14. The government argues that Defendant is a risk of flight based upon the ICE detainer and prior removal order. While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[7] As this Court has previously noted in the companion

---

[7]*See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).

cases of *U.S. v. Lozano-Miranda*,[8] and *U.S. v. Garcia-Gallardo*,[9] the existence of the ICE detainer is not in and of itself sufficient grounds to find that a defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . .."[10] The departure of an "alien who is needed in the United States as . . . a party to[] any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United States.[11] The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[12]

The government also argues that Defendant should be detained because she had shown that she can obtain fraudulent documents to establish a different identity. The Court finds that the government has not carried its burden in this regard. While recognizing that there is some risk of flight by Defendant due to the ICE detainer, the Court finds this risk is outweighed by Defendant's established family ties to the community, the ages of her children, and the length of time she has lived in the community, the nature of the charges, and her minor prior criminal record. The Court determines that there are conditions of release that could be set to reasonably assure Defendant's

---

[8] No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).

[9] No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).

[10] 8 C.F.R. § 215.2(a).

[11] 8 C.F.R. § 215.3.

[12] *Id.* (emphasis added).

presence at trial. That Defendant could obtain fraudulent documents to establish a new identity, which are reportedly widely available in the community, does not outweigh the totality of all other considerations in determining whether Defendant is a flight risk. This factor weighs in favor of pretrial release.

### D.    Danger to the Community

Defendant has some minor criminal history. Other than the imposter and fraud at entry in charge in 1997, she has four outstanding warrants in Kansas City, Kansas for Writ of Execution Orders for bond amounts $140, $500, $230, and $630. Although Defendant has outstanding warrants, they appear to be issued based upon municipal traffic violations. Nothing in Defendant's criminal history suggests any history of violence, use of weapons, illegal drug use, or anything suggesting that Defendant is a danger to the community or others. The United States has not shown that Defendant poses any risk of danger to the community or other persons. Thus, the Court finds that this factor weighs in favor of pretrial release.

## III.   <u>Conclusion</u>

Having considered all relevant pleadings and the statements of counsel during the February 21, 2012 hearing, the Court finds that Defendant should be released. As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .."[13] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the United States has not met its burden to show that no set of conditions of release

---

[13] 18 U.S.C. § 3142(e).

will assure Defendant's pretrial presence and protect the community and other persons from danger.

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention of Defendant Candelaria Morales (ECF No. 38) is denied. Defendant will be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **February 29, 2012 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that Pretrial Services will provide proposed conditions of release no later than **February 27, 2012.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of February 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
